# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Richard Wood et al.

    v.

Professional Realty Corp.

    v.

Keith G. Wood

### Case No. (Law) 86-LA-754

By JUDGE AUSTIN E. OWEN

July 24, 1987

This matter came on June 19, 1987, for argument in support of and in opposition to the motion of Keith G. Wood for summary judgment in his favor upon the counterclaim of Professional Realty Corporation.

On November 5, 1986, this action was tried in this court before a jury on plaintiff's claim against Professional Realty Corporation and on the third party claim of Professional Realty Corporation against Keith G. Wood. The jury returned its verdicts in favor of plaintiffs on their claim and in favor of Keith G. Wood on the third party claim.

The decisions of the jury, of necessity, result in a finding that Keith G. Wood was not guilty of any negligence causing or contributing to the injuries complained of.

Keith G. Wood can be liable to Professional Realty Corporation on its counterclaim only if he was guilty of negligence which caused or contributed to such injuries. The issue would thus seem barred from further litigation by the doctrine of res judicata.

Professional Realty Corporation does not dispute the foregoing but argues that because it has noted its appeal from the judgments entered upon said jury verdicts, the doctrine of res judicata should not be applied as a bar to the litigation of its counterclaim while such appeal is pending.

The Court has considered the arguments and reviewed the authorities cited by counsel. Counsel pointed to no Virginia cases on point and the annotations collected to 9 A.L.R. 2d 984, et seq., reflect a split of authority.

The Court's attention has been drawn to one Virginia case, *Haskins v. Lipscomb*, vol. 2 of Virginia Circuit Court Opinions, page 364, decided by Judge William W. Sweeney on February 8, 1973. Judge Sweeney, at page 365 of the opinion, noted that the issue was not directly before him, but concluded that the weight of authority of decided cases in this country support the conclusion that a judgment operates as res judicata during the pendency of an appeal.

I have reached a similar conclusion, and, additionally, find the reasoning employed in the cases so holding to be more persuasive than the reasoning in the cases holding to the contrary.

Mr. Brown is requested to draft an order sustaining the plea of res judicata bar and granting summary judgment to Keith G. Wood on the counterclaim.

August 4, 1987

This will acknowledge [counsel's] letter of July 30, 1987. Because this matter is on appeal, I have access only to a residue file and erroneously read the letter briefs of counsel to refer to the claim of Professional Realty Corporation against Keith G. Wood.

Since receipt of [the] letter, I have noted that the pending motion and letter briefs refer to a "third party counterclaim for personal injuries" filed by Keith G. Wood against Professional Realty Corporation.

In the trial before the jury, both Keith G. Wood and Professional Realty Corporation were parties and the question of whether either or both were guilty of negligence which caused or contributed to cause the very accident in which Keith G. Wood was allegedly injured

was before the jury. The jury found that Professional Realty Corporation was guilty of negligence which caused the accident and that Keith G. Wood was not.

[The] argument before me, prior to [the] letter of July 30, 1987, was limited to whether the doctrine of res judicata could properly be applied while an appeal is pending. [The] letter of July 21, 1987 (which had not been received at the time of my letter of July 24, 1987) is limited to the same point. My holding, set forth in the letter of July 24, 1987, that a judgment operates as res judicata during the pendency of an appeal applies to the third party counterclaim of Keith G. Wood v. Professional Realty Corporation.

With respect to the matter first raised in your letter of July 30, 1987, contending that there is not an "identity of issue," I find that contention to be without merit. The same accident which caused the property damage to the plaintiffs also caused the personal injuries allegedly suffered by Keith G. Wood. The *issue* in both instances is whose negligence caused the accident out of which arose the property damage or personal injury complained of. The issue is identical.